UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ODIE GRAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DELOITTE LLP and DELOITTE & TOUCHE LLP,<br>　　　　Defendants. | CIVIL ACTION NO.<br><br>1:17-CV-04731-CAP |

**O R D E R**

This action is before the court on the Report and Recommendation ("R&R") of the magistrate judge [Doc. No. 92], which recommends granting summary judgment in favor of the defendants on plaintiff's racial discrimination claims. The plaintiff has filed objections [Doc. No. 94].[1] The plaintiff brought his claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, alleging that he

---

[1] Incorporated within the plaintiff's objections is his "motion for cross summary [sic] judgement [sic]." The clerk properly docketed the filing as a separate motion at docket entry 95. The motion is untimely; it was due on June 26, 2019. In November 2019, the plaintiff was denied leave to file an out of time motion [Doc. No. 82]. For the same reasons set forth in the November order [Doc. No. 82], the plaintiff may not file a cross motion for summary judgment now. Accordingly, the court has considered the plaintiff's filing only to the extent he makes objections to the R&R; arguments in support of his own motion for summary judgment will not be addressed.

received negative performance reviews and unequal pay and that he did not receive a promotion. He also brought claims for unlawful retaliation.

## I. Factual & Procedural Background

The plaintiff worked for Deloitte & Touche LLP ("D & T") as a Service Delivery Manager from April 20, 2015 until he was terminated on January 23, 2017.  During his employment, the plaintiff received poor performance reviews, which he contends were racially discriminatory and prevented him from receiving raises and promotions.  During a meeting to discuss his performance, the plaintiff was terminated for possessing workplace recordings.

He filed this suit in November 2017 and amended his complaint before serving the defendants.  In the amended complaint [Doc. No. 3], the operative pleading in this civil action, the plaintiff asserted claims for racial discrimination and unlawful retaliation.  Prior to the expiration of discovery, the parties filed cross motions for summary judgment as to the retaliation claims only.  The court granted the defendants' motion [Doc. Nos. 36 and 39], leaving only the racial discrimination claims in the suit.

After the close of discovery, the defendants moved for summary judgment on the discrimination claims [Doc. No. 59].  The plaintiff, whose counsel had withdrawn, was granted additional time to file his response and given precise directions from the court on how to submit his evidentiary

2

materials [Doc. Nos. 71, 75, 82, and 84]. In light of the multiple filings by the plaintiff, the defendants submitted a reply and an amended reply [Doc. Nos. 77 and 89]. Upon receipt of these filings, the magistrate judge issued the R&R recommending entry of summary judgment in favor of the defendants that is currently before the court.

## II. Standard of Review

To challenge the findings and recommendations of the magistrate judge, a party must file with the clerk of court written objections which "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis of the objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

The court, therefore, will review de novo those findings and recommendations of the R&R to which objection has been made. *See Heath*, 863 F.2d at 822; *see also Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d 1352, 1381 n.2 (N.D. Ga. 2010). The court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Since the underlying motion in this case is a motion for summary judgment, the court will also set forth the applicable legal analysis for resolving that motion. Rule 56(a) of the Federal Rules of Civil Procedure authorizes summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 156 (1970); *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996). The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *Johnson*, 74 F.3d at 1090. Once the moving party has adequately supported its motion, the nonmovant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In deciding a motion for summary judgment, it is not the court's function to decide issues of material fact but to decide only whether there is

4

such an issue to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). The applicable substantive law will identify those facts that are material. *Id.* at 247. Facts that are disputed in good faith but are not material to the case will not preclude summary judgment, *id.*, and "genuine" issues of material fact must have a real basis in the record. *See Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587 (citations omitted). Conversely, when the evidence could reasonably result in a verdict for the nonmovant, a genuine dispute exists and summary judgment is improper. *Anderson*, 477 U.S. at 247.

## III. Discussion

The R&R recommends granting summary judgment in favor of the defendants because the plaintiff failed to make a prima facie case of discrimination under the *McDonnell Douglas* framework.[2] Specifically, the

---

[2] The magistrate judge employs the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). According to *McDonnell Douglas*, the plaintiff must first establish a prima facie case that creates an inference of discrimination. *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1228 (11th Cir. 2002). The plaintiff objects to reliance on *McDonnell Douglas* and urges the court to analyze his claims under "Title VII Arlington Heights Framework." Presumably, the plaintiff is referring to V*illage of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264–65 (1977), which pertains to proof of intentional discrimination necessary to support an Equal Protection claim. The plaintiff fails to cite authority, and the court is aware of none, to apply *Arlington Heights* in the context of a Title VII claim against a private employer.

5

R&R finds that Plaintiff did not establish that he suffered an adverse employment action as a result of negative reviews and he did not set forth any similarly situated comparators.[3]

A "plaintiff establishes a prima facie case of race discrimination under Title VII by showing: (1) [ ]he belongs to a racial minority; (2) [ ]he was subjected to adverse job action; (3) h[is] employer treated similarly situated employees outside her classification more favorably; and (4) [ ]he was qualified to do the job." *Holifield*, 115 F.3d at 1562.

### A. Adverse Employment Action

The R&R points out that the plaintiff admitted he did not receive a pay decrease and he was not demoted or suspended. Instead, the plaintiff complains that he received negative performance reviews that he was unaware of, which resulted in his "personal brand" being tarnished. Additionally, the plaintiff contends he did not receive a promotion.

As detailed by the magistrate judge, courts in this circuit have determined that negative performance reviews do not amount to adverse

---

[3] The R&R completes the entire *McDonnell Douglas* analysis including review of the defendant's proffered reason for its decisions as well as the plaintiff's arguments regarding pretext. *See Holifeld v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997). However, because the court agrees with the magistrate judge that the plaintiff failed to make a prima facie case of racial discrimination, which is dispositive, this order addresses only the objections to the R&R with respect to issues within the prima facie case.

employment actions. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001) (negative performance evaluations, standing alone, do not constitute adverse employment action); *Wallace v. Ga. Dep't of Transp.*, 212 Fed. App'x 799, 801 (11th Cir. 2006) (written reprimand does not constitute an adverse employment action); *Houston v. City of Atlanta*, No. 115CV03112-TWT-WEJ, 2017 WL 1380516, at *9 (N.D. Ga. Feb. 21, 2017), report and recommendation adopted, No. 1:15-CV-3112-TWT, 2017 WL 1364866 (N.D. Ga. Apr. 13, 2017), aff'd, 735 F. App'x 701 (11th Cir. 2018) (issuance of a counseling memo and a written reprimand where employee lost no pay and had no material change in the terms, conditions, or privileges of his employment, did not constitute and adverse action); *Ausby v. Fla.*, 624 F. Supp. 2d 1353, 1363-65 (M.D. Fla. 2008) (finding no adverse employment action where a written reprimand had no tangible impact on the plaintiff's employment). This is because "not all conduct by an employer negatively affecting an employee constitutes adverse employment action." *Webb–Edwards v. Orange Cty. Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008).

In his objections to the R&R, the plaintiff does not direct the court to evidence of some tangible impact on his employment. Rather, he states that the magistrate judge is incorrect in holding that negative performance evaluations are not considered adverse actions. Pl.'s Obj. at 10 [Doc. No. 94]. In support of this objection, the plaintiff cites *Wideman v. Wal-Mart Stores,*

7

141 F.3d 1453 (11th Cir. 1998). This case stands for the proposition that Title VII's protection against retaliatory discrimination extends to adverse actions which fall short of ultimate employment decisions, and while the plaintiff in that case did receive written reprimands, those were among a laundry list of additional actions including suspension, physical threats, and denial of medical care. Because the *Wideman* case is in the context of a retaliation claim, not a discrimination claim, and because that case involved a lengthy list of actions by the employer beyond negative performance evaluations, the plaintiff's objection to the law relied upon by the magistrate judge is OVERRULED.

### B. Similarly Situated Comparators

The R&R concluded that the plaintiff's claims about failure to promote him and pay him in accordance with market value fail because the plaintiff did not identify a similarly situated comparator who received a promotion and "market value" pay. "When comparing similarly situated individuals to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects besides race, since different treatment of dissimilarly situated persons does not violate civil rights laws." *Jackson v. BellSouth TeleComms.*, 372 F.3d 1250, 1273 (11th Cir. 2004).

In his objections, the plaintiff cites to an exhibit he submitted in opposition to the motion for summary judgment: an offer letter from the

8

defendants to David Alston, who was paid $115,000. Ex. 34 to Pl.'s Resp. to M. Summ. J. [Doc. No. 87]. The plaintiff states that his own salary was $80,000 despite being a manager. The letter reflects that Alston was hired for the Charlotte office as a Senior Consultant for the AERS Advisory Practice. However, the plaintiff was hired as a Service Delivery Manager in the Atlanta office. Moreover, there is no indication of Alston's race. Accordingly, the magistrate judge was correct to disregard Alston as a valid comparator.

Next, the plaintiff points to evidence regarding Kim Basmajian, a white female, who was placed as the lead of all project managers "despite not having any project management or cyber security experience." The citation to the record provided by the plaintiff, his own deposition and that of Kent Cinquegrana, establishes only that Basmajian was the plaintiff's supervisor. Pl.'s Dep. at 106 [Doc. No. 60], Cinquegrana Dep. at 15 [Doc. No. 61]. Thus, Basmajian was not similarly situated to the plaintiff. While the plaintiff may be arguing that Basmajian was not qualified for the job she held, he does not offer evidence that he competed with Basmajian for the supervisory position. Accordingly, the magistrate judge was correct to disregard Basmajian as a valid comparator.

Because the magistrate judge is correct that plaintiff has failed to identify a similarly situated comparator, he cannot establish a prima facie

9

case of race discrimination regarding his pay and lack of promotions. Therefore, the plaintiff's objections are OVERRULED.

### III. Conclusion

Based on the foregoing,

(1) the plaintiff's cross motion for summary judgment [Doc. No. 95] is DISMISSED as untimely;

(2) the R&R [Doc. No. 92] is ADOPTED as the order and opinion of this court; and

(3) the clerk is DIRECTED to terminate this civil action.

**SO ORDERED**, this 11th day of February, 2020.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge