[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11185
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-04731-CAP

ODIE GRAY,

                              Plaintiff-Appellant,

versus

DELOITTE LLP,
DELOITTE & TOUCHE LLP,

                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 11, 2021)

Before NEWSOM, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Odie Gray, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Deloitte LLP and Deloitte & Touche LLP (Deloitte) on his claims of racial discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), and 42 U.S.C. § 1981. Gray asserts multiple issues on appeal, which we address in turn. After review,[1] we affirm the district court.

I.  DISCUSSION

A. *Direct Evidence of Discrimination*

Gray asserts the district court erred in applying the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) instead of the framework of *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977). He contends the district court ignored direct evidence of discrimination he provided.

As an initial matter, the district court did not err in refusing to analyze Gray's claims using the factors in *Arlington Heights* because that case is applicable only to equal protection claims based on legislative action. *See Hillcrest Prop., LLP v. Pasco Cty.*, 915 F.3d 1292, 1300 (11th Cir. 2019).

---

[1] We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party. *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1161-62 (11th Cir. 2006). Title VII claims and 42 U.S.C. § 1981 claims are evaluated using the same analytical framework. *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

A plaintiff may establish a Title VII claim through the introduction of direct or circumstantial evidence. *Dixon v. The Hallmark Cos.*, 627 F.3d 849, 854 (11th Cir. 2010). Direct evidence is evidence which, if believed, would prove the existence of a fact in issue without inference or presumption. *Jones v. Gulf Coast Health Care of Del., LLC*, 854 F.3d 1261, 1270-71 (11th Cir. 2017). Remarks unrelated to the decision-making process are not direct evidence of discrimination. *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Absent direct evidence, we employ the *McDonnell Douglas* analytical framework. *Bryant v. Jones*, 575 F.3d 1281, 1307 (11th Cir. 2009).

The district court did not err in applying the *McDonnell Douglas* burden shifting framework because Gray relied solely on circumstantial evidence in support of his discrimination claims. *See Bryant*, 575 F.3d at 1307. The only evidence Gray argues constituted direct evidence of discrimination is: (1) the fact that a white female without prior cyber-security or management experience worked in a supervisory capacity over him even though he was more qualified to work as a supervisor, (2) a comment made by one of his supervisors that "all black people look alike," and (3) a historical pattern of racial discrimination by Deloitte.

The fact a white female without prior experience was working in a supervisory capacity over Gray is not direct evidence of discrimination because it is not evidence which, if believed, would prove the existence of a fact in issue

3

without inference or presumption. *See Jones*, 854 F.3d at 1270-71. Using this fact as evidence of discrimination requires the inference that she was promoted over him because she is white and he is not; thus, because this evidence requires an inference to support his claim of discrimination it is not direct evidence. *See id.* Second, the comment by a supervisor does not qualify as direct evidence of discrimination because it does not relate to the decision-making process regarding the allegedly discriminatory actions taken by Deloitte—the negative performance reviews, a decrease in assigned work, and lack of credit for projects he conceptualized. *See Standard*, 161 F.3d at 1330. Using this statement as evidence of discrimination requires multiple inferences that: (1) the supervisor held negative opinions of African Americans' work performance, in addition to his belief that all African Americans look alike, and (2) that negative opinion influenced him in rating Gray, assigning work to him, or assigning credit for projects. Lastly, Gray's evidence of Deloitte's purported historical pattern of racial discrimination is not direct evidence because it requires the inference that the employer, consistent with the historical pattern, continues to discriminate based on race. Accordingly, because all the evidence Gray points to as direct evidence merely suggests—rather than directly proves—discrimination on the part of Deloitte, the court did not err in concluding it was circumstantial evidence and applying the *McDonnell Douglas* framework.

B.  Prima Facie *Case and Pretext*

Gray contends the district court erred in granting summary judgment in favor of Deloitte on his retaliation and discrimination claims because he established *prima facie* cases and also argued, in reply, that he established pretext.

Under the *McDonnell Douglas* framework, a plaintiff must first make out a *prima facie* case. *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012). A plaintiff may establish a *prima facie* case of retaliation by presenting evidence showing that: (1) he engaged in protected conduct, (2) he suffered an adverse employment action, and (3) there is a causal connection between the protected conduct and the adverse employment action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). A plaintiff establishes a *prima facie* case of race discrimination by showing, among other things, that he was: (1) subject to an adverse employment action and (2) treated differently than a similarly situated employee outside his protected class. *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003). If the plaintiff establishes a *prima facie* case, the employer then has the burden of production to articulate a legitimate reason for its actions. *Holland*, 677 F.3d at 1055. If the employer satisfies its burden, thus rebutting the presumption, the plaintiff must then offer evidence that the employer's reason is pretextual. *Id*.

Even assuming Gray established a *prima facie* case of retaliation or discrimination, we affirm the district court's grant of summary judgment in favor of Deloitte because Gray has failed to properly challenge on appeal one of the grounds on which the district court based its judgment—specifically, that he failed to show Deloitte's legitimate reasons for its actions were pretexts for discrimination or retaliation. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (stating to obtain reversal of a district court judgment that is based on multiple, independent grounds an appellant must convince us that every stated ground for the judgment against him is incorrect, and when an appellant fails to properly challenge on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground). Gray failed to argue the issue of pretext in his initial brief's argument section. While he argued in his reply brief that he had proven pretext, raising an issue in reply is not sufficient for this Court to address its merits even if the party is *pro se*. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating although we liberally construe the pleadings of *pro se* litigants, issues that a *pro se* litigant has not clearly raised on appeal are still deemed abandoned and we will not address arguments raised for the first time in a reply brief). And, while Gray cited to and quoted law discussing pretext in his initial brief in support of other arguments, he never argued the district court's pretext determinations were

erroneous. Therefore, he has abandoned any challenge to the court's pretext determination. *See Sapuppo*, 739 F.3d at 680; *Timson*, 518 F.3d at 874.

Alternatively, Gray has abandoned any challenge to the district court's conclusion that he failed to establish a *prima facie* case of retaliation by failing to properly challenge on appeal one of the grounds on which the district court based its judgment—specifically, that he failed to satisfy the causal connection element. *See Sapuppo*, 739 F.3d at 680; *Pennington*, 261 F.3d at 1266. The district court found that he had failed to establish a *prima facie* case because he did not show he engaged in protected conduct and because, even if he did prove he engaged in protected conduct, he did not establish a causal connection between the conduct and the adverse actions taken by Deloitte. On appeal, Gray argues only the court erred in finding he had not established a *prima facie* case of retaliation because he had engaged in protected activity, or at the very least conduct that should be protected. However, he has failed to argue he satisfied the causal element in his initial brief's argument section.

Gray has also waived any challenge to the district court's conclusion that he failed to establish a *prima facie* case of discrimination because he failed to identify a similarly situated comparator. The district court found that Gray failed to establish a *prima facie* case of discrimination because: (1) he failed to establish a sufficiently adverse employment action and (2) he failed to identify a similarly

7

situated comparator. He raised four objections to the magistrate judge's report and recommendation, arguing: (1) the magistrate judge did not consider the evidence in a light most favorable to him, (2) the magistrate judge validated conjecture from Deloitte regarding how its review process should work instead of requiring evidence of how it actually worked, (3) that negative performance reviews do constitute an adverse employment action, and (4) the magistrate judge failed to consider the negative performance reviews in the context of his other claims. Gray, after being warned of the consequences for failing to object, did not object to the magistrate judge's conclusion that he failed to establish a *prima facie* case of discrimination because he failed to identify a similarly situated comparator. Therefore, he has waived any challenge to that conclusion on appeal. *See* 11th Cir. R. 3-1 (stating a party who fails to object to a magistrate judge's findings or recommendations in a report and recommendation "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object").

C. *Extension to Respond to Motion for Partial Summary Judgment*

Gray argues his prior counsel moved to amend his motion for partial summary judgment to correct dates that would not impact Deloitte's response, but Deloitte used Gray's motion to amend to make legally significant changes to its

prior submission which the court allowed without considering how doing such could prejudice Gray. He also argues the magistrate judge abused his discretion in granting Deloitte an extension to file its response and cross motion without considering how the extension would prejudice Gray.

We are required to examine our jurisdiction, which we review *de novo*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). Generally, we have jurisdiction over appeals from final orders of the district court, and a party must raise all claims of error in a single appeal following the final judgment on the merits. *See* 28 U.S.C. § 1291; *Flanagan v. United States*, 465 U.S. 259, 263 (1984). However, "[t]he law is settled that [we] are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).[2] An appeal from the final judgment does not bring up for review an interlocutory order by a magistrate judge that was not objected to or brought to the attention of the district court, as it would otherwise constitute a direct appeal from a magistrate judge's order to us. *United States v. Schultz*, 565 F.3d 1353, 1359-61 (11th Cir. 2009).

Gray did not appeal the complained of magistrate judge's orders to the district court, which has deprived us of jurisdiction to hear his arguments that the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

9

district court erred in granting Deloitte an extension to respond to, and cross-motion on, his motion for partial summary judgment on his retaliation claims and in allowing Deloitte to amend its response. *See Schultz*, 565 F.3d at 1359. Accordingly, we dismiss this portion of Gray's appeal for lack of jurisdiction.

*D. Granting Motion for Partial Summary Judgment before End of Discovery*

Gray asserts the district court erred in granting Deloitte's motion for partial summary judgment on his retaliation claims before the end of discovery.

Gray raised four objections to the magistrate judge's report and recommendation on his retaliation claims, objecting to the conclusions that: (1) he had not provided direct evidence of retaliation, (2) evidence disclosed in an EEOC mediation does not fall under the protected activity umbrella, (3) an e-mail he sent could have reasonably led Deloitte to believe he had additional records, and (4) he had failed to make a *prima facie* case because he did not establish a causal connection between the mediation and his termination. He did not object to the magistrate judge's report and recommendation on the basis that it was improper to grant summary judgment before the conclusion of discovery—after being warned of the consequences for failing to object—therefore he has waived that argument on appeal. *See* 11th Cir. R. 3-1.

E. *Injunctive Relief*

Gray also contends the district court erred in not considering the applicability of injunctive relief. The district court did not err in failing to *sua sponte* consider the applicability of injunctive relief. Contrary to Gray's assertion, the record does not contain a request for injunctive relief. Gray's complaint requested declaratory relief, but did not mention injunctive relief. Further, the docket does not contain a motion for injunctive relief. The district court did not err in failing to consider granting Gray injunctive relief because he never moved for it.

F. *Withdrawal of Attorney*

Gray asserts the district court violated his right to due process by allowing his attorney to withdraw, in not appointing him a new attorney, and in failing to investigate alleged discrepancies during the proceeding. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling invited by that party." *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 65 (11th Cir. 2013) (quotations and alterations omitted).

The right to procedural due process is violated if an individual is: (1) deprived of a constitutionally protected interest (2) by government action (3) without constitutionally adequate process. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). "[A]t a minimum, the Due Process Clause requires notice and the opportunity to be heard incident to the deprivation of life, liberty or

property at the hands of the government." *Id.* There is no constitutional right to counsel in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

The district court did not violate Gray's right to procedural due process. First, any potential error in allowing Gray's counsel to withdraw was invited by Gray's express consent to the motion and request that the district court remove the firm as his counsel of record, such that, he cannot challenge that ruling as erroneous before us. *See AbbVie Prods.*, 713 F.3d at 65. Second, the district court's failure to appoint him new counsel, or investigate into the adequacy of his prior representation, did not run afoul of his right to due process because he was not deprived of a constitutionally protected interest and he received constitutionally adequate process. *See Bass*, 170 F.3d at 1320; *Grayden*, 345 F.3d at 1232. Lastly, the clerk's handling of his evidence and filings did not violate his right to due process of the law because he was not deprived of a constitutionally protected interest. *See Grayden*, 345 F.3d at 1232.

G. *Motion for Reconsideration*

Finally, in reply, Gray contends the district court erred in not granting his motion for reconsideration. Gray has failed to assert the issue of whether the district court erred in denying his motion for reconsideration in his initial brief's argument section, thus, he has abandoned the claim and, even though he is *pro se*, we will not address its merits. *See Timson*, 518 F.3d at 874. While he did argue in

his reply brief that his motion was improperly denied, raising an issue in reply is not sufficient for us to address its merits, even if the party is *pro se*. *See id*. Accordingly, we affirm the district court's denial of his motion for reconsideration.

## II.  CONCLUSION

For the reasons stated above, we affirm the district court's grant of summary judgment in Deloitte's favor and its denial of Gray's motion for reconsideration. We dismiss, for lack of jurisdiction, the portion of the appeal where Gray argues the magistrate judge erred in granting Deloitte an extension of time and in allowing Deloitte to amend its response.

**AFFIRMED IN PART AND DISMISSED IN PART.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 11, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-11185-BB
Case Style: Odie Gray v. Deloitte LLP, et al
District Court Docket No: 1:17-cv-04731-CAP

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Richardson, BB at (404) 335-6174.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs